IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**ASHLEY P.,**[1]

       Plaintiff,                                  **Civ. No. 3:22-cv-01370-MC**

     v.                                          **OPINION AND ORDER**

**COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,**

       Defendant.

_____

**MCSHANE, Judge**:

Plaintiff Ashley P. seeks judicial review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Supplemental Security Income ("SSI") under the Social Security Act (the "Act"). This Court has jurisdiction under 42. U.S.C. § 405(g). For the reasons explained below, the Commissioner's decision is affirmed.

## STANDARD OF REVIEW

The district court may set aside a denial of benefits only if the Commissioner's findings are "'not supported by substantial evidence or [are] based on legal error.'" *Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1222 (9th Cir. 2009) (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 882 (9th Cir. 2006)). Substantial evidence is defined as "'more than a mere scintilla [of evidence] but less than a preponderance; it is such relevant evidence as a reasonable mind might

---

[1] In the interest of privacy, this Opinion and Order uses only the first name and the initial of the last name of the non-governmental party in this case.

1 – OPINION AND ORDER

accept as adequate to support a conclusion.'" *Id.* (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

The district court "cannot affirm the Commissioner's decision 'simply by isolating a specific quantum of supporting evidence.'" *Holohan v. Massanari*, 246 F.3d 1195, 1201 (9th Cir. 2001) (quoting *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999)). Instead, the district court must consider the entire record, weighing the evidence that both supports and detracts from the Commissioner's conclusions. *Id.* Where the record as a whole can support either a grant or a denial of Social Security benefits, the district court "'may not substitute [its] judgment for the [Commissioner's].'" *Bray*, 554 F.3d at 1222 (quoting *Massachi v. Astrue*, 486 F.3d 1149, 1152 (9th Cir. 2007)).

**BACKGROUND**

**I.     PLAINTIFF'S APPLICATION**

Plaintiff filed her application for SSI on November 1, 2019, with an alleged onset date of November 1, 2019. Tr. 233, 79. She was born in 1991, and was 28 years old on her alleged onset date. Tr. 45. Plaintiff's claim was initially denied on August 18, 2020, and again on reconsideration on November 13, 2020. Tr. 78, 115.

Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and the ALJ held a hearing on March 24, 2021. Tr. 53-77. On May 18, 2021, the ALJ issued an opinion finding Plaintiff not disabled. Tr. 12-47. On June 7, 2022, the Appeals Council denied Plaintiff's request for reconsideration, making the ALJ's decision the final decision of the Commissioner. Tr. 1. This appeal followed.

## II.   THE SEQUENTIAL ANALYSIS

A claimant is considered disabled if she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r Soc. Sec. Admin.*, 648 F.3d 721, 724 (9th Cir. 2011). Those five steps are: (1) whether the claimant is currently engaged in any substantial gainful activity; (2) whether the claimant has a severe impairment; (2) whether the impairment meets or equals a listed impairment; (4) whether the claimant can return to any past relevant work; and (5) whether the claimant is capable of performing other work that exists in significant numbers in the national economy. *Id.* at 724–25. The claimant bears the burden of proof for the first four steps. *Bustamante v. Massanari*, 262 F.3d 949, 953–54 (9th Cir. 2001). If the claimant fails to meet the burden at any of those steps, the claimant is not disabled. *Id.*; *Bowen v. Yuckert*, 482 U.S. 137, 140–41 (1987).

The Commissioner bears the burden of proof at step five, where the Commissioner must show the claimant can perform other work that exists in significant numbers in the national economy, "taking into consideration the claimant's residual functional capacity, age, education, and work experiences." *Tackett*, 180 F.3d at 1100. If the Commissioner fails to meet this burden, the claimant is disabled. *Bustamante*, 262 F.3d at 954.

**III.    THE ALJ'S DECISION**

At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since her alleged onset date. Tr. 18. At step two, the ALJ determined that Plaintiff suffers from the following medically determinable, severe impairments: obesity, asthma, and obstructive sleep apnea. *Id.* The ALJ also determined that Plaintiff's migraines and fibromyalgia were non-severe impairments. Tr. 31, 33-37. At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that meets or equals a listing. Tr. 39.

The ALJ then determined Plaintiff's residual functional capacity ("RFC"), finding that Plaintiff had the ability to perform medium work as defined in 20 C.F.R. § 416.967(c), except:

> [S]he can occasionally climb ladders, ropes, or scaffolds. She can frequently balance, stoop, kneel, crouch, or crawl, and can frequently climb ramps or stairs. The claimant must avoid concentrated exposure to respiratory irritants such as fumes, odors, dusts, and gases, as well as poorly ventilated areas.

Tr. 39-40. At step four, the ALJ found Plaintiff had no past relevant work. Tr. 45. At step five, the ALJ determined that Plaintiff could perform jobs existing in significant numbers in the national economy, including packager, laundry worker, and assembler. Tr. 46. Therefore, the ALJ concluded that Plaintiff was not disabled. *Id.*

## DISCUSSION

Plaintiff argues that the ALJ erred by (1) failing to include limitations in the RFC related to Plaintiff's obstructive sleep apnea; and (2) failing to find Plaintiff's migraines and fibromyalgia severe at step two.

**I.      RFC**

Plaintiff argues that the ALJ erred in assessing her RFC, failing to include any limitations related to her obstructive sleep apnea. A claimant's RFC is the most the claimant can do in a work setting on a "regular and continuing basis" despite her limitations. 20 C.F.R. § 404.1545. In assessing an RFC, the ALJ must consider limitations, severe or not, imposed by all of a claimant's impairments. Social Security Ruling ("SSR") 96-8p, *available at* 1996 WL 374184. However, only limitations supported by substantial evidence must be incorporated into the RFC. *Osenbrock v. Apfel*, 240 F.3d 1157, 1163–65 (9th Cir. 2001).

Here, Plaintiff does not point to any functional limitations caused by her sleep apnea, nor is there any medical evidence stating that her sleep apnea causes any functional limitations. Accordingly, the ALJ did not err in formulating the RFC. *See Burch v. Barnhart*, 400 F.3d 676, 683–84 (9th Cir. 2005) (upholding ALJ's RFC determination when claimant failed to present any functional limitations caused by diagnosis, and the record contained no evidence of any such limitations).

**II.     STEP TWO**

Plaintiff also argues the ALJ should have found her fibromyalgia and migraines to be severe at step two. At step two, the ALJ determines what "medically determinable physical or mental impairments" a claimant has. 20 C.F.R. § 404.1520(a)(4)(ii). However, "[s]tep two is merely a threshold determination meant to screen out weak claims." *Buck v. Berryhill*, 869 F.3d 1040, 1048 (9th Cir. 2017). If the sequential analysis proceeds beyond step two, meaning that it has been resolved in the claimant's favor, the failure to classify an impairment as severe will generally be harmless. *Id.* at 1049. This is because step two "is not meant to identify the

impairments that should be taken into account when determining the RFC." *Id.* at 1048–49. "In fact, in assessing the RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" *Id.* at 1049 (quotation and citations omitted, emphasis in original removed). "The RFC therefore *should* be exactly the same regardless of whether certain impairments are considered 'severe' or not." *Id.* (emphasis in original).

    A.    **Fibromyalgia**

Fibromyalgia is a rheumatic disease that causes inflammation of the fibrous connective tissue components of muscles, tendons, ligaments, and other tissues, with symptoms that include chronic pain throughout the body, multiple tender points, fatigue, stiffness, and a pattern of sleep disturbance that can exacerbate the cycle of pain and fatigue. *Revels v. Berryhill*, 874 F.3d 648, 656 (9th Cir. 2017). Fibromyalgia is diagnosed "entirely on the basis of the patients' reports of pain and other symptoms" and there are "no laboratory tests to confirm the diagnosis." *Id.* (quotation marks and citations omitted).

The Commissioner has issued additional guidance for cases involving fibromyalgia, both in terms of establishing when a claimant has a medically determinable case of fibromyalgia and in evaluating fibromyalgia in disability claims. Social Security Ruling ("SSR") 12-2p, *available at* 2012 WL 3104869. Generally, a claimant can establish a medically determinable impairment of fibromyalgia by providing evidence from an acceptable medical source. *Id.* at *2. However:

> We cannot rely upon the physician's diagnosis alone. The evidence must document that the physician reviewed the person's medical history and conducted a physical exam. We will review the physician's treatment notes to see if they are consistent with the diagnosis of FM [fibromyalgia], determine whether the person's symptoms have improved, worsened, or remained stable over time,

        and establish the physician's assessment over time of the persons physical strength and functional abilities.

*Id.*

In order to establish a medically determinable impairment of fibromyalgia, the diagnosing physician must base her conclusion on:

    (1)    A widespread history of pain;

    (2)    At least eleven positive tender points on physical examination or, alternatively, repeated manifestations of six or more fibromyalgia symptoms, signs, or co-occurring conditions, especially manifestations of fatigue, cognitive or memory problems ("fibro fog"), waking unrefreshed, depression, anxiety disorder, or irritable bowel syndrome;

    and

    (3)    Evidence that other disorders that could cause the signs, symptoms, or co-occurring conditions were excluded.

*Id.* at *2-3.

Plaintiff correctly notes that, although the ALJ said he found Plaintiff's fibromyalgia "non-severe," his opinion instead focuses on whether her fibromyalgia was a medically determinable impairment under SSR 12-2p. Here, the ALJ found that the medical record did not establish either eleven positive tender points or at least six of fibromyalgia symptoms or co-occurring conditions. Tr. 34.

Additionally, the ALJ pointed to several other medical diagnoses that could account for Plaintiff's pain other than fibromyalgia. Specifically, at the hearing, Plaintiff explained that she experiences fibromyalgia pain in her left hip, left knee, left ankle, and right wrist. Tr. 66. In his decision, the ALJ noted that Plaintiff was diagnosed with trochanteric bursitis in her left hip. Tr. 699. Her left knee suffered from patellofemoral syndrome. Tr. 368. And her right wrist had a

7 – OPINION AND ORDER

"partial thickness tearing of the extensor carpi ulnaris and a split tear of the proximal triangular fibrocartilage disc." Tr. 35 (citing 619-20). Accordingly, the ALJ concluded that other disorders had not been sufficiently excluded to meet the requirements of SSR 12-2p.

In her argument Plaintiff continues to point to Plaintiff's various diagnoses of fibromyalgia. However, as SSR 12-2p makes clear, the Commissioner cannot rely on a diagnosis alone. The ALJ's conclusion that the requirements of SSR 12-2p were not met is supported by substantial evidence. Moreover, Plaintiff has not pointed to any impairments that were not included in the RFC that are linked to her chronic pain, nor does the medical record disclose of any. Therefore, even assuming the ALJ erred, any error was harmless.

      **B.**     **Migraines**

Although the ALJ concluded that Plaintiff's migraines were not severe at step two, he reached that conclusion because he discounted Plaintiff's subjective symptom testimony regarding her migraines. The ALJ discounted Plaintiff's testimony regarding the severity of her migraines because the medical record supported that her migraines were successfully treated with Sumatriptan and because Plaintiff did not seek ongoing care for her migraines to support her assertions that the headaches were so limiting. Tr. 31. Based on this reasoning, the ALJ found Plaintiff's migraines non-severe at step two.

Here, the ALJ's rationales for discounting Plaintiff's subjective symptom testimony are supported by substantial evidence. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1040 (9th Cir. 2007) (identifying that whether a claimant takes medication for symptoms and whether a claimant fails to seek treatment as factors for evaluating claimant's testimony). After her onset date, even though Plaintiff was seeing medical providers regularly, she only discussed her

migraines twice. Tr. 715, 708. Moreover, when she did discuss her migraines with her care team, she reported that since moving to a drier climate "she now suffers them maybe once per week" and that she "takes Sumatriptan with good results." Tr. 715. The ALJ's rationale are specific clear and convincing reasons, each supported by substantial evidence. Therefore, the ALJ did not err in discounting plaintiff's subjective symptom testimony. Which, in turn, leads to the conclusion that the ALJ did not err in finding Plaintiff's migraines not severe at step two.

## CONCLUSION

For these reasons, the Commissioner's final decision is AFFIRMED.

IT IS SO ORDERED.

DATED this  31st  day of   October   , 2023.

                                                s/Michael J. McShane
                                                Michael J. McShane
                                                United States District Judge